IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 04-F-2321 (CBS)

LINDA L. PEAVEY,

    Plaintiff,

MERRICK & COMPANY,

    Defendant.

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between Counsel for Linda Peavey ("Plaintiff") and Merrick & Company ("Defendant") (collectively referred to as the "Parties") that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits and other information exchanged by Plaintiff and Defendant.

It is hereby ORDERED as follows:

As used herein, the term "Confidential Information" refers to (a) personnel information concerning employees other than Plaintiff; (b) information containing industry trade secrets; (c) proprietary or non-public business information of the Defendants; and (d) information relating to Plaintiff concerning private personal matters not generally known to the public, such as, but not limited to, tax returns, medical information and information from

1

subsequent employers. Confidential Information includes, but is not limited to, non-party employee names, addresses and social security numbers; non-party employee employment and compensation histories; non-party employee personnel files; non-party employee performance evaluations; non-party employee disciplinary records; non-party employee medical and benefit histories; and non-party employee termination files. Confidential Information includes, but is not limited to, proprietary or non-public business information relating to Defendant's investment, business and operational strategies and plans; economic and market analyses; financial projections and cost information (including, e.g., compensation, compensation plans and benefit plans, financial and business forecasts and financial reports); sales information and figures; and staffing composition and plans.

  2. Parties shall designate information as "Confidential Information" subject to this Stipulated Protective Order as follows:

  a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such document prior to its production: "CONFIDENTIAL." In the event that a Party inadvertently fails to stamp or otherwise designate a document or other information as Confidential at the time of its production, the producing Party shall inform the recipient Party after the discovery of such failure. The recipient Party shall thereafter mark the document or information in the matter requested by the producing Party and thereafter treat the document in accordance with such marking. The recipient Party will also inform each individual that received such document or information of the confidentiality status of such document or information.

2

      **b.**    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the Party whose Confidential material the deponent has had access. Said review by counsel shall occur within ten (10) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of pages of the transcript containing Confidential Information, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and also to each copy thereof. If no such designation is made within ten (10) days after receipt of the transcript, the transcript shall be considered as not containing any Confidential Information.

      In the event that any Confidential Information is used in any pleading or in a court proceeding in connection with this litigation, it shall not lose its confidential status through such use. A furnishing party may designate information disclosed in a pleading or at a hearing or trial as Confidential Information by filing such information with the Court in a sealed envelope or by other similar means as designated by the Court designed to insure that such information is not accessible by persons other than the Parties and the Court and requesting that the Court, at the time the information is proffered or adduced, use appropriate procedures to protect confidentiality.

      **3.**    Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

            **a.**    attorneys actively working on this case;

3

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or other proceedings in this case;

    c. the parties, including designated representatives for the entity defendants;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this action;

    e. the Court and its employees ("court personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents and witnesses; and

    h. other persons by written agreement of the parties.

  4. Except for court personnel, the persons described in paragraph 3 shall have access to the Confidential Information once they have been made aware of the provisions of this Order. Confidential Information of a party shall not be used by the other party or persons receiving such material except for the purposes of conducting this litigation and not for any other purposes whatsoever. The Parties and persons receiving Confidential Information are enjoined from using or disclosing such material except in conformance with this Order.

  5. The recipient of any Confidential Information that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such

Case 1:04-cv-02321-PSF-CBS   Document 34   Filed 08/16/05   USDC Colorado   Page 5 of 6

Case 1:04-cv-02321-PSF-CBS   Document 31   Filed 08/09/2005   Page 5 of 6

information as is exercised by the recipient with respect its or its employer's own proprietary information.

6. The termination of this civil action shall not relieve counsel, the Parties or any other persons obligated hereunder form their responsibility to maintain the confidentiality of Confidential information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order. Upon termination of this litigation, including any appeals, counsel of record shall store any and all copies of all documents which have been designated as Confidential Information in a manner which will preclude others from obtaining and/or reviewing such documents and shall destroy all such documents in the routine course of business. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

7. This Order is without prejudice to the right of either Party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraph 1 through 7, inclusive, hereof.

Dated this 15th day of August, 2005.

BY THE COURT:

_____
U.S. District Judge or U.S. Magistrate Judge

APPROVED BY:

s/ Robert J. Truhlar
Robert J. Truhlar
TRUHLAR and TRUHLAR, L.L.P.
7340 E. Caley Ave. Suite 310
Centennial, CO 80111
Telephone: (303) 794-2404

**ATTORNEY FOR PLAINTIFF**


s/ Daniel R. Satriana Jr.
Daniel R. Satriana, Jr.
1512 Larimer St. Suite 400
Denver, CO 80202
(303) 468-5400

**ATTORNEY FOR DEFENDANT**